CLINE *v.* LOWE and Others.

Bill in chancery by a replevin-bail to enjoin the proceedings upon an execution issued on the judgment and levied upon his property, on the ground that a prior execution issued on the judgment had been levied on property of the principal, a bond for the delivery of the property forfeited, and a judgment recovered against the principal and surety on the bond upon which an execution had been issued and a part of the judgment collected but not credited. *Held*, that the remedy, if any, was by a motion to set aside the execution.

APPEAL from the *Hendricks* Circuit Court.

SMITH, J.—This was a bill in chancery to enjoin the proceedings upon an execution which had been levied on property of the complainant. The bill was dismissed upon demurrer.

The bill charges that the defendants had, in *December,* 1841, obtained a judgment at law, against one *Dickens,* upon which the complainant became replevin-bail; that in, 1842, an execution issued on said judgment was levied on property of *Dickens* of the value of 600 dollars; that said property remained unsold for want of bidders; that a *venditioni exponas* issued which was returned without making sale, because *Dickens* had failed to deliver the property; that the defendants caused another execution to be issued, and directed it to be returned without further proceedings, because they had obtained, in the mean time, a judgment upon a bond executed by *Dickens* and one *Strange,* for the delivery of the property before mentioned; that the defendants had made 80 dollars by an execution issued upon the judgment last mentioned, which sum they had not credited; and, finally, that they had caused another execution to be issued and levied on property of the complainant of great value, which they were proceeding to sell, &c.

We think it clear that the demurrer to this bill was correctly sustained. If the facts charged to have occurred afford any ground for setting aside the execution last issued, the proper remedy of the complainant was to have made a motion in the Circuit Court for that purpose.

*Per Curiam.*—The decree is affirmed with costs.

*C. C. Nave*, for the appellant.

*J. S. Harvey* and *J. M. Gregg*, for the appellees.